United States District Court
Southern District of Texas
FILED

JUL 0 6 1999

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JAHANGIR QURESHI, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. B-96-065 |
| | § | |
| DISTRICT DIRECTOR, U.S. | § | |
| IMMIGRATION SERVICE, AND | § | |
| JANET RENO, ATTORNEY GENERAL | § | |
| FOR THE UNITED STATES, | § | |
| Respondents. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### STATEMENT OF THE CASE

Before this Court are the following causes of action:

1. Petitioner's Original Petition seeking a Stay of Execution and injunctive relief from deportation in cause number B-96-65 filed on April 25, 1996;

2. Petitioner's 28 U.S.C. §2255 Writ of Habeas Corpus in cause number CR-B-92-220-01 filed December 12, 1997; and

3. Petitioner's Application for Writ of Error Coram Nobis in cause number CV-M-98-018 filed on June 15, 1998.

By order signed on June 15, 1998, the Honorable Filemon B. Vela, District Judge, having jurisdiction over the above-styled and numbered causes of action, ordered all of the above causes of action to be consolidated, and directed this Court to consider the matter and file a report and recommendation herein.

The Respondents have filed the following Motions:

1. Motion for Summary Judgment on Petitioner's Original Petition;

2. Motion to Dismiss Petitioner's Writ of Habeas Corpus 28 U.S.C. §2255 Application; and

1

3.  Motion For Summary Judgment on Petitioner's Writ of Coram Nobis.

This Court has read the parties' pleadings and considered the issues raised in light of the record and the applicable law, and is of the opinion that the Respondents' Motions should be GRANTED, and that Petitioner's causes of action be DISMISSED WITH PREJUDICE.

In support, this Court files the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. Petitioner JAHANGIR QURESHI, (PETITIONER), is a native and citizen of Canada who entered the United States as a lawful permanent resident on September 27, 1984.

2. On April 30, 1993, Petitioner was convicted for conspiracy to possess, with intent to distribute, a quantity exceeding five hundred (500) grams of cocaine, and sentenced to five (5) years probation, six (6) months of which Petitioner had to serve restricted to his place of residence.

3. On July 13, 1993, the Immigration and Naturalization Service (INS) issued an Order to Show Cause why Petitioner should not be deported pursuant to 8 U.S.C. §1251 (a)(2)(A)(iii) as an alien who has been convicted of an aggravated felony any time after entry.

4. Petitioner sought a waiver of deportation, and an INS judge in Dallas, Texas, denied the request on February 2, 1994.

5. On February 28, 1996, two (2) years after Petitioner filed an appeal with the Board of Immigration Appeals (BIA), the BIA issued its decision affirming the decision of the INS judge ordering the Petitioner deported to Canada. Petitioner appealed to the Fifth Circuit Court of Appeals for a review of BIA's decision, and simultaneously requested a stay of deportation.

6. The Fifth Circuit Court of Appeals denied Petitioner's request for stay of deportation on March 19, 1996. Petitioner withdrew his Request for Review after reaching an agreement with the INS that extended his deportation until May 1, 1996.

7. On April 3, 1996 the Fifth Circuit Court of Appeals dismissed the Petitioner's Request for Review of the BIA's decision affirming the INS judge's order of deportation.

8.  On April 23, 1996, **Petitioner** filed a Motion to Reconsider and requested a Stay of Deportation with the BIA. The BIA refused to stay the execution of deportation.

9.  On April 25, 1996, **Petitioner** filed an Original Petition with this Court seeking a Stay of Deportation and a Temporary Restraining Order against the INS. This Court granted the Temporary Restraining Order.

10. On May 31, 1996, BIA denied Petitioner's Motion to Reconsider.

11. On June 14, 1996, **Petitioner** filed a second Petition for Review with the Fifth Circuit Court of Appeals.

12. On July 30, 1996, the Fifth Circuit Court of Appeals dismissed Petitioner's Request for Review.

13. On December 15, 1997, **Petitioner** filed an Application for Writ of Habeas Corpus under 28 U.S.C. §2255.

14. On June 15, 1998, **Petitioner** filed an Application for Writ of Error Coram Nobis.

15. On June 15, 1998, the District Court ordered all causes of action be consolidated.

## CONCLUSIONS OF LAW

1.  **Petitioner's Original Petition**

    Petitioner seeks injunctive relief from deportation; citing the District Court's order of probation in cause number B-92-220, in which Petitioner was placed on five (5) years probation. Petitioner reasons that by deporting him, the INS is interfering with Petitioner's ability to comply with his probation.

    This argument fails on three grounds. First, Petitioner has completed his probationary period, thus rendering his Original Petition moot.

    Second, Petitioner is no longer eligible for injunctive relief. Petitioner claims that his deportability was determined by the BIA on February 28, 1996. However, The Fifth Circuit Court of Appeals has denied review of the BIA's decision twice: Once on April 23, 1996, and again on July 30, 1996.

    After the Bureau of Immigration Appeals decides that alien is deportable, he is no longer a legal resident, and thus is not eligible for relief in form of waiver of deportation. 8 U.S.C. §1182

3

(c) (1999), *Ghassan v. I.N.S.*, 972 F.2d 631, 637-38 (5th Cir. 1992), *Garcia-Hernandez v. I.N.S.*, 821 F.2d 222 (5th Cir. 1987). Consequently, Petitioner is no longer a permanent legal resident, and therefore no longer eligible for a waiver of deportation.

Third, the District Court does not have jurisdiction to grant the relief sought by the Petitioner.

Notwithstanding any other provision, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense [involving a controlled substance.] 8 U.S.C. §§ 1252(a)(2)(C), 1227(a)(2)(C) (1999).

As such, this court may not issue the injunction.

For the reasons cited above, Respondents' Motion for Summary Judgment on Petitioner's Original Petition should GRANTED and the cause of action DISMISSED WITH PREJUDICE.

2. **Motion to Vacate, Set Aside and Correct Judgment pursuant to 28 U.S.C. 2255**

Petitioner also seeks federal habeas relief under 28 U.S.C. §2255 on the grounds that his deportation will hinder his ability to complete his probation. This claim must also fail.

First, Petitioner completed his probation on April 30, 1998. Consequently, the Writ is moot.

Second, §2255 habeas is available only to persons who are in custody or allege a writ of error *coram nobis*. 28 U.S.C. §2241(c)(3), (1999). ("a writ of habeas corpus shall not extend to a prisoner unless: "he is in custody in violation of the constitution or laws or treaties of the United States.").

Petitioner is neither in custody nor does he allege a writ of error *coram nobis*. Thus, a writ of habeas corpus is not available to Petitioner.

Finally, Petitioner's Application for Writ of Habeas Corpus pursuant to §2255 is time barred. The Antiterrorism and Effective Death Penalty Act (AEDPA) applies to noncapital habeas corpus cases filed after April 24, 1996. *Lindh v. Murphy*, 117 S.Ct. 2059, 2068 (1997). Petitioner filed his § 2255 application December 15, 1997 therefore his petition is subject to review under the AEDPA.

The AEDPA states that a 1 year period of limitation applies to habeas corpus motions. 28

4

U.S.C. §2244 (d)(1). The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right is applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. §2244 (d)(1).

Petitioner's conviction became final when he was sentenced on April 30, 1993. Thus, the one year limitation expired on April 30, 1994. Petitioner filed his motion on December 15, 1997. Consequently, his petition is time barred.

However, the Supreme Court held that a petitioner whose conviction preceded the AEDPA is entitled to a reasonable amount of time from the date AEDPA was passed, April 24, 1996, to bring their petition. *United States v. Flores,* 135 F.3d 1000, 1005 (5th Cir. 1998). As petitioner was convicted prior to the AEDPA being enacted, he is entitled to this reasonable period of time.

This reasonable period runs from April 24, 1996, to April 24, 1997. *Flores,* 135 F.3d at 1006. As shown above, petitioner filed his motion on December 15, 1997. Thus, the petition remains time barred.

Therefore, Respondents' Motion to Dismiss Petitioner's Writ of Habeas Corpus 28 U.S.C. §2255 Application should be GRANTED and the cause of action DISMISSED WITH PREJUDICE.

3. **Application for Writ of Error Coram Nobis**

Petitioner seeks a writ of error coram nobis on the grounds of ineffective assistance of counsel. Petitioner contends that his counsel was ineffective because counsel did not inform him of the possibility of deportation as a result of his guilty plea, nor did counsel inform him of the of the pleading options under the Youth Offender Act. Petitioner does not allege that disclosure of either fact would have changed his plea. Such arguments are not availing, and the petition should

5

be dismissed.

Coram Nobis is an extraordinary remedy which is available to a petitioner no longer in custody, who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the criminal conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief. *United States v. Castro*, 26 F.3d 557, 559 (5th Cir. 1994). This writ will issue only to correct errors resulting in a complete miscarriage of justice. *Castro*, 26 F.3d at 559. The standard of review is more demanding than the cause and prejudice standard for relief under §2255. *United States v. Drobny*, 955 F.2d 990, 996 (5th Cir. 1992).

To establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Defense counsel's performance is Constitutionally sufficient when he advises his client of the direct consequences of a guilty plea. *United States v. Gavilan*, 761 F.2d 226, 229 (5th Cir. 1985). Failure by counsel to advise a client of collateral consequences does not violate the Sixth Amendment. *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993). Deportation consequences are a collateral matter of the criminal process. *Banda*, 1 F.3d at 356.

Thus, a Defense attorney need not inform their client of the possibility of deportation to comport with the Sixth Amendment right to effective assistance of counsel. As such, the failure of Petitioner's attorney to inform petitioner that he might be deported if he pled guilty will not amount to ineffective assistance of counsel.

Petitioner also alleges that counsel was ineffective because he did not inform him of the pleading options under the Youth Offender Act. This claim is meritless. The Youth Offender Act was repealed with the passage of the United States Sentencing Guidelines on November 1, 1987.

Petitioner was indicted in 1992 and sentenced in 1993, well after the Youth Offender Act was repealed. As such, the Youth Offender Act was not available to Petitioner, and counsel's failure to inform petitioner of its existence will not amount to ineffective assistance of counsel.

Therefore, Respondents' Motion For Summary Judgment on Petitioner's Writ of Coram Nobis should be GRANTED and the cause of action DISMISSED WITH PREJUDICE.

## **RECOMMENDATION**

Based on the above authority, this Court respectfully recommends that

1.  Respondents' Motion for Summary Judgment on Petitioner's Original Petition;

2.  Respondents' Motion to Dismiss Petitioner's Writ of Habeas Corpus 28 U.S.C. §2255 Application; and

3.  Respondents' Motion For Summary Judgment on Petitioner's Writ of Coram Nobis

should be GRANTED and Petitioner's causes of action be DISMISSED WITH PREJUDICE.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996)

DONE at Brownsville, Texas, this 6th day of July, 1999.

_____

Felix Recio,

United States Magistrate Judge

7